

**VIA ECF**

Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                                                               RE:    **Deborah Intorcia v. City of New York, et al.**
                                                                   Civil Action No.: 24-CV-04837 (KAM)(LB)

Your Honor:

      I am an attorney for Ms. Intorcia in the above-referenced matter. I write to Your Honor to respectfully request leave to serve additional interrogatories in the above-captioned matter pursuant to Fed. R. Civ. P. 33(a)(1).

      Plaintiff's counsel regretfully submits this motion to expand interrogatories after attempting in good faith to confer with opposing counsel on this issue. To briefly recap, as Your Honor is aware, the parties in this matter have been engaged in discovery since September 11, 2024. On September 19, 2024, Plaintiff served her first set of requests for interrogatories, documents, and requests for admissions on the defendants. (Exhibit A). Due to a lack of discovery, at that time, Plaintiff was proceeding on a complaint which, *inter alia*, misidentified Sergeant Mary Gillespie as the officer who conducted her cavity search and omitted other officers who were responsible for her arrest and search on July 17, 2023. Upon receiving defendants' first set of disclosures, Plaintiff was able to ascertain the correct parties and, with leave of court, filed an amended complaint on November 8, 2024. As advised by Your Honor, Plaintiff's amended complaint dropped Sgt. Gillespie, ADA Rebecca Jerome and the 10 unnamed officers from this action, and added Sergeant John Falzarano, Officer Christopher Ng, Sergeant Gregory Accera, and Officer Kristen Caldararo. Defendants filed an answer to Plaintiff's amended complaint on December 3, 2024.

      The undersigned emailed opposing counsel on January 15, 2025, requesting a stipulation to the service of additional interrogatories pursuant to Fed. R. Civ. P. 33(a)(1). The undersigned explained that, in addition to the 2 interrogatories remaining from Plaintiff's first set of 25 interrogatories[1], Plaintiff was seeking a stipulation to 14 additional interrogatories on the grounds that the first set was based off a now-obsolete complaint which misidentified the defendants and was largely denied by opposing counsel for that very reason. (Exhibit B). Furthermore, the identification of the correct defendants, subsequent disclosure of the body worn camera footage, and the discovery of the extensive link between the Andrade family and the

---

[1] Opposing counsel previously misrepresented to Your Honor that Plaintiff's counsel improperly served 29 interrogatories but failed to mention that items 1–6 consisted of Instructions and Definitions, while the interrogatories were numbered 7–29. (Exhibit A).

NYPD raised new issues that were not previously known, warranting additional inquiry. Defendants did not provide a response to this email.

      On January 16, the parties appeared before Your Honor for a status conference on this matter. At the conference, Ms. O'Flynn revealed to the Court that PO Caldararo had undergone a procedure on her back and that her deposition would be delayed until she returned from medical leave. Your Honor ordered Plaintiff's counsel to move forward with nonparty subpoenas and requested a joint status report to be filed by the parties by February 12. The following day, the undersigned sent an email to opposing counsel to follow up on Plaintiff's request for a stipulation to additional interrogatories, give notice of the nonparties that Plaintiff intended to depose, and ask for available dates to better coordinate scheduling. On Wednesday, January 22, Mr. Zuckerman requested to review the additional interrogatories, which were sent over on January 24 (Exhibit C, Exhibit D). Included in the second set of interrogatories were additional document requests, several of which were repeated from Plaintiff's first set due to improper denials. For example, opposing counsel objected to the relevance of CCRB and IAB investigation reports, which are routinely disclosed in cases involving law enforcement misconduct. (Exhibit B).

      On January 28, Mr. Zuckerman consented to the service of additional interrogatories "as long as our time to respond to both document requests and interrogatories is extended to 3/7." (Exhibit C). Plaintiff's counsel agreed to extend the response time but noted that "if we proceed forward with the non-party depositions prior to the production of documents/interrogatories[2], we will have to reserve time and hold their depositions open" in the event we need to ask the non-parties about the responsive documents at a later date. Id. Mr. Zuckerman refused to stipulate, stating "to the extent you are looking for my agreement, it is not provided." Id. The undersigned responded that, pursuant to Fed. R. Civ. P. 30, there is no reason why opposing counsel would not be able to stipulate to a nonparty's continued deposition, and asked if he would object to this. Mr. Zuckerman responded by saying "I would object… If you feel you need responses to the recently served discovery, the non-party depositions should await our responses." Id. At that point, understanding the Court's directive to move discovery along efficiently, Plaintiff's counsel withdrew her consent to an extended production timeframe and informed Mr. Zuckerman that his response to the second set of document requests was expected by February 23 in accordance with the Federal Rules. Plaintiff's counsel then informed Mr. Zuckerman that she would be proceeding with the nonparty depositions as planned and would write the Court separately to request leave to serve the additional interrogatories.

      Fed. R. Civ. P. 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve no more than 25 written interrogatories, including discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Parties "seeking leave to serve more than 25 interrogatories must set forth a particularized showing to exceed the limit." Wall v. Do & Co NY Catering, Inc., No. CV 18-3725 (JMA) (AKT), 2021 U.S. Dist. LEXIS 171436, at *4 (E.D.N.Y. Sept. 9, 2021). "Courts grant leave to exceed the limit when the benefit of discovery outweighs the potential burden on the responding party." Douglas v. Harry N. Abrams, Inc., No. 13-CV-2613, 2016 U.S. Dist. LEXIS 197578, 2016 WL 11645646, at *3 (S.D.N.Y. Aug. 23, 2016). Notably, the Southern District operates under Local Civil Rule 33.3, which greatly restricts the type of interrogatory

---

[2] The parties agreed to hold the first set of nonparty depositions on February 26 and 27.

that can be served without court order or without showing that the information could obtained in a more practical manner, while the Eastern District "is more receptive to the use of interrogatories." *See* Joint Local Rules, S.D.N.Y. and E.D.N.Y. (Eff. Jan. 2, 2025).

  Here, the need for additional interrogatories is clear. Out of 23 interrogatories from Plaintiff's first set, 13 of them refer to defendants that are no longer a part of this action or claims that have since been dropped from the complaint. Of the 16 additional interrogatories from the second set, 6 of them are rephrasings of prior interrogatories from the first set with the correct parties identified. Next, the identification of the correct defendants, disclosure of the body worn camera footage, and the revelation of the Andrade family's extensive links to the NYPD all raise additional issues that justify further inquiry and cannot be more easily obtained through other means.

  Furthermore, opposing counsel's initial willingness to consent to additional interrogatories indicates that the burden of production on the defendants is not too onerous. Indeed, as Your Honor can plainly see, the lion's share of interrogatories request identifying information or other facts that could easily be obtained by defendants' counsel, or that relate directly to Plaintiff's requests for documents. The burden of producing responses to these simple questions, many of which have already been asked, would certainly not outweigh the potential benefit of discovery. Conversely, Mr. Zuckerman's attempt to force Plaintiff into a position where, in order to serve an entirely reasonable set of additional interrogatories, she would have to consent to deposing nonparties without discoverable materials and without a prior stipulation to recall the witnesses upon the receipt of such materials, would prejudice Plaintiff and cause unnecessary delay in a case that Your Honor is eager to move forward.

  In the event the Court is inclined to grant Plaintiff's request to serve additional interrogatories, Plaintiff respectfully requests that defendants be ordered to respond to Plaintiff's second set of interrogatories by February 23, 2025, in accordance with Fed. R. Civ. P. 33(b)(2) (30 days from January 24, 2025).[3]

  For these reasons, the undersigned respectfully requests that the Court grant Plaintiff's motion to expand interrogatories and order defendants to respond to said interrogatories by February 23, 2025. Plaintiff thanks the Court for its time and consideration.

Dated: February 4, 2025

Sincerely,

_____
**Carissa Caukin**, Esq.
Attorneys for Plaintiff
Law Offices of James Henning & Associates
16 Court Street, Suite 503
Brooklyn, New York 11241
e: ccaukin@jhenninglaw.com

**CC:** All counsel of record

---

[3] As indicated above, Plaintiff provided her 2nd set of interrogatories on January 24, 2025 (Exhibit C, Exhibit D).