UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

DEBORAH INTORCIA,

                            Plaintiff,

             -against-

THE CITY OF NEW YORK; Officer
RYAN T. STAM; Sergeant MARY K.
GILLESPIE; Officer LOUIS J.
CAMPANELLA; Assistant District
Attorney REBECCA JEROME; and
DOES #1-10, in their individual and
official capacities,

                        Defendants.

-------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION**

24 Civ. 4837 (KAM)(LB)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Mary Gillespie, Louis Campanella, Ryan Stam and Rebecca Jerome respond and object to plaintiff's First Set of Interrogatories[1], Request for Production of Documents and Requests for Admission as follows:

<u>**GENERAL STATEMENT AND GENERAL OBJECTIONS**</u>

        1.      By responding to any interrogatory, document request or request for admission, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information

---

[1] Rebecca Jerome's verification for her response to Interrogatory No. 7 is provided herewith. Defendants will supplement with the NYPD defendants' verifications for their responses to interrogatories.

produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to these Interrogatories, Document Requests and Requests for Admission to the extent that they demand documents and/or information which are protected by the attorney-client and/or work-product privileges, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

5.      Defendants are continuing to search for information responsive to plaintiffs' requests and therefore reserve the right to supplement their responses to each interrogatory and/or request with additional information, if and when such information becomes available to defendants' counsel.  Defendants also reserve the right to object to the future disclosure of any such information and/or documents.

6.  With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, as appropriate.

7.      Defendants object to plaintiff's interrogatories, document requests and requests for admission on the grounds that, individually and cumulatively, the discovery sought

is unduly burdensome and seeks discovery not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, the parties' resources and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery for the same reasons.

## **INTERROGATORIES**

### **INTERROGATORY NO. 7:**

Identify all assistant district attorneys who participated in the prosecution <u>People of the State of New York v. Deborah Intorcia</u>, CR-004170-23RI, including, but not limited to:

a. the assistant district attorney who wrote the misdemeanor complaint on July 17, 2023, as well as the assistant district attorney who supervised and/or approved the writing of said complaint and proceeding with the prosecution,

b. the assistant district attorney who represented the prosecution (meaning, the attorney who appeared on the record) at the July 18, 2023, arraignment proceeding concerning <u>People of the State of New York v. Deborah Intorcia</u>, docket no. CR-004170-23RI, or any other court proceeding relating to the case, and

c. the supervising assistant district attorney who approved the dismissal of case.

### **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to the phrase "participated in the prosecution," requests information, in part, outside the custody and control of defendants and seeks information not relevant to any party's claim or defense as the information requested does not have any tendency to make a fact more or less probable than it would be without the evidence nor are the facts of consequence in determining the claims that plaintiff has made in the Complaint.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant Rebecca Jerome

responds as follows, upon information and belief: a) ADA Rebecca Jerome (prepared complaint) and ADA Jamie Capodicci, supervisor; b) arraignment-ADA Rhys Johnson; August 23, 2023 appearance-ADA Thomas Reig; October 23, 2023 appearance-ADA Michelle Truong; and December 14, 2023 appearance-ADA Vasiliki Drogaris;  and c) none.  The City of New York also refers plaintiff to the documents produced by the non-party RCDA herewith bearing bates nos. D092-D176 and D204-D209.

**INTERROGATORY NO. 8:**

Identify the meaning of "SGT ADV HOLDING" in the ICAD sprint report, listed in the details section next to terminal "psl-d36" (said 1CAD sprint report is attached hereto as Exhibit A).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague and ambiguous in its entirety, requires an interpretation of the referenced report, seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City responds that the meaning of "SGT ADV HOLDING" is that an NYPD sergeant is advising that he/she is acknowledging receipt of the subject job.

**INTERROGATORY NO. 9:**

Identify the 911 operator associated with tax identification number 343333.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case,

considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. The identity of the 911 operator does not have any tendency to make a fact more or less probable than it would be without the evidence nor is the 911 operator's identity of consequence in determining the claims made in this case. Further, seeking discovery from the 911 operator is disproportionate to the needs of the case based on the claims plaintiff has made in the Complaint.

**INTERROGATORY NO. 10:**

Identify all members of the NYPD who responded to 87 Stieg Avenue on July 17, 2023, in relation to the 911 call associated with the ICAD event number D2307171864.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, Sgt. John Falzarano, P.O. Kevin Padilla, P.O. Ryan Stam and P.O. Christopher Ng responded to the scene of plaintiff's arrest on July 17, 2023. Defendants also refer plaintiff to the BWC video of Sgt. Falzarano, P.O. Padilla, P.O. Stam and P.O. Ng from the scene of plaintiff's arrest.

**INTERROGATORY NO. 11:**

Identify all members of the NYPD who were assigned to guard, supervise, watch, or otherwise maintain the prisoner holding cells at the 122nd Precinct on July 17, 2023, between the hours of 9 pm to 11:59 pm, and specifically, the prisoner holding cell that Plaintiff was held in.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting

these objections or the General Objections, P.O. Ryan Stam was plaintiff's assigned arresting officer and was therefore assigned to guard plaintiff. The 122nd Pct. has only one holding cell, which was being occupied by a male detainee upon plaintiff's arrival at the 122nd Pct. Plaintiff was therefore not placed in the holding cell. Defendant City also refers plaintiff to the holding pen roster for July 17-18, 2023, produced herewith and bearing bates nos. D035-D036.

**INTERROGATORY NO. 12:**

Identify the male person/prisoner who was incarcerated with Plaintiff inside of the holding cell at the 122 Precinct on July 17, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is vague and ambiguous in its entirety as plaintiff was not in the "inside of the holding cell at the at the 122 Precinct on July 17, 2023." Further, the identity of the male prisoner held at the 122nd Pct. at the same time as plaintiff is not relevant to plaintiff's claims made in the Complaint, may be protected by C.P.L. §160.50 and/or other privacy interests as it was not his expectation that he would be identified unnecessarily for plaintiff's subject lawsuit.

**INTERROGATORY NO. 13:**

Identify any and all members of the NYPD who authorized and otherwise approved the strip and cavity search of Plaintiff at the 122 Precinct on July 17, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is vague and ambiguous in its entirety, and assumes facts not in evidence, as, upon information and belief, there were no members of the NYPD who authorized or otherwise approved a strip and cavity search of Plaintiff at the 122 Precinct on July 17, 2023, nor, upon information and belief, did any strip and cavity search of plaintiff occur.

**INTERROGATORY NO. 14:**

Identify the NYPD borough Court Section supervisor on July 17, 2023, for the 122nd Precinct.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is vague and ambiguous as to the phrase "NYPD borough Court Section supervisor on July 17, 2023 for the 122nd Pct," seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. The identity of any such individual also does not have any tendency to make a fact more or less probable than it would be without the evidence nor is the fact is of consequence in determining the claims made in this case and seeking discovery from any such individual would be disproportionate to the needs of the case.

**INTERROGATORY NO. 15:**

State the basis for Defendant SERGEANT MARY K. GILLESPIE conducting a strip and cavity search of Plaintiff on July 17, 2023. If an NYPD protocol was relied upon to conduct the search, specify which NYPD protocol.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that it is vague and ambiguous in its entirety as defendant Sgt. Gillespie did not conduct a strip and cavity search of plaintiff on July 17, 2023, and therefore assumes facts not in evidence. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, Sgt. Gillespie did not conduct a strip and cavity search of plaintiff on July 17, 2023 nor was even on duty that day.

**INTERROGATORY NO. 16:**

State whether any of the named NYPD defendants had a reason to believe that evidence, contraband, and/or weapons were concealed inside of Plaintiff s rectum on July 17, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 on the grounds that it is vague and ambiguous in its entirety.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the named defendants did not "have reason to believe that evidence, contraband, and/or weapons were concealed inside of Plaintiff s rectum on July 17, 2023."

**INTERROGATORY NO. 17:**

Identify all members of the NYPD who transported, drove, or otherwise assisted in the physical movement of Plaintiff to the 120th Precinct on either July 17, 2023, or July 18, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague and ambiguous as to the phrase "otherwise assisted in the physical movement of Plaintiff."  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the NYPD officers who transported plaintiff from the 122nd Pct. to the 120th Pct. following her arrest were P.O. Ryan Stam and P.O. Loykin Lai.  Defendants also refer plaintiff to the BWC videos of P.O.s Stam and Lai depicting such transport which will be produced upon the entry of a protective order herein.

**INTERROGATORY NO. 18:**

Identify the male person/prisoner who was transported from the 122nd Precinct to the 120th Precinct, in the same vehicle as Plaintiff, on either July 17, 2023 or July 18, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to Interrogatory No. 18 on the grounds that the identity of the male prisoner transported with plaintiff from the 122nd Pct. to the 120th Pct. is not relevant to the claims being made in this case, may be protected by C.P.L. §160.50 and/or other privacy interests as it was not his expectation that he would be identified unnecessarily for plaintiff's subject lawsuit.

**INTERROGATORY NO. 19:**

Identify any and all members of the NYPD who ordered or otherwise approved the physical search of Plaintiff at the 120th Precinct on either July 17, 2023, or July 18, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to Interrogatory No. 19 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. The identity of any such individual does not have a tendency to make a fact more or less probable than it would be without the evidence nor is the fact is of consequence in determining the claims made in this case and seeking discovery from any such individual would be disproportionate to the needs of the case.

**INTERROGATORY NO. 20:**

Identify the NYPD officer who conducted the physical search of Plaintiff at the 120th Precinct on either July 17, 2023, or July 18, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 on the grounds that it is seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. The identity of any such individual does not have a tendency to make a fact more or less probable than it would be without the evidence nor is the fact is of consequence in determining the claims made in this case and seeking discovery from any such individual would be disproportionate to the needs of the case.

**INTERROGATORY NO. 21:**

Identify any and all civil lawsuits where OFFICER RYAN T. STAM, OFFICER LOUIS J. CAMPANELLA, SERGEANT MARY K. GILLESPIE, and/or REBECCA JEROME, have been a named defendant, regardless of the outcome of the lawsuit, and, if so, provide the case number and county or jurisdiction of the lawsuit, as well as the disposition.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to Interrogatory No. 21 as to the defendant Campanella on the grounds that plaintiff has failed to plausibly and in good faith allege claims against him as he was merely the desk officer upon plaintiff's arrest which is not actionable, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[2].

---

[2] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against Sgt. Campanella.

Defendants object to Interrogatory No. 21 as to the defendant Gillespie on the basis that plaintiff has failed to plausibly and in good faith allege claims against her as she did not perform the search in question and was not even on duty on the date of incident, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[3].

Defendants object to Interrogatory No. 21 as to the defendant Stam on the basis that any such lawsuits are of public record, that the request is overbroad beyond any civil rights lawsuits against him, that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City of New York is not aware of any other civil rights lawsuits against the defendant Stam other than this action.

Defendants object to Interrogatory No. 21 as to the defendant Jerome on the basis that plaintiff has failed to plausibly and in good faith allege claims against her based on the defense of absolute immunity, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the

---

[3] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against Sgt. Gillespie.

case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[4].

## INTERROGATORY NO. 22:

Identify whether defendants OFFICER RYAN T. STAM, OFFICER LOUIS J. CAMPANELLA, and/or SERGEANT MARY K. GILLESPIE, have been the subject of an NYPD Internal Affairs investigation, regardless of the outcome of the investigation, and indicate the subject matter of the investigation, as well as the disposition.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:

Defendants object to Interrogatory No. 22 as to the defendant Campanella on the grounds that plaintiff has failed to plausibly and in good faith allege claims against him as he was merely the desk officer upon plaintiff's arrest which is not actionable, and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[5].

Defendants object to Interrogatory No. 22 as to the defendant Gillespie on the basis that plaintiff has failed to plausibly and in good faith allege claims against her as she did not perform the search in question and was not even on duty on the date of incident, and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of

---

[4] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against ADA Jerome.

[5] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any similar IAB complaints against Sgt. Campanella arising out of his role as desk officer and dishonesty within the last 10 years.

the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[6].

Defendants object to Interrogatory No. 22 as to the defendant Stam on the basis that the request is overbroad beyond allegations of false arrest, that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City of New York is not aware of any IAB allegations against the defendant Stam arising out of allegations of false arrest.

## INTERROGATORY NO. 23:

Identify whether OFFICER RYAN T. STAM, OFFICER LOUIS J. CAMPANELLA, and/or SERGEANT MARY K. GILLESPIE, have been the subject of any Civilian Complaint Review Board investigation, regardless of the outcome of the investigation, and indicate the subject matter of the investigation as well as the disposition.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:

Defendants object to Interrogatory No. 23 as to the defendant Campanella on the grounds that plaintiff has failed to plausibly and in good faith allege claims against him as he was merely the desk officer upon plaintiff's arrest which is not actionable, and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the

---

[6] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any similar IAB complaints against Sgt. Gillespie alleging sexual assault or dishonesty within the last 10 years.

case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[7].

Defendants object to Interrogatory No. 23 as to the defendant Gillespie on the basis that plaintiff has failed to plausibly and in good faith allege claims against her as she did not perform the search in question and was not even on duty on the date of incident, and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[8].

Defendants object to Interrogatory No. 23 as to the defendant Stam on the basis that the request is overbroad beyond allegations of false arrest, that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City of New York is not aware of any CCRB allegations against the defendant Stam arising out of allegations of false arrest.

---

[7] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any similar CCRB complaints against Sgt. Campanella arising out of his role as desk officer and dishonesty within the last 10 years.

[8] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any CCRB complaints against Sgt. Gillespie alleging sexual assault or dishonesty within the last 10 years.

**INTERROGATORY NO. 24:**

State whether any of the named defendants have been arrested on any occasion, for a felony, misdemeanor, or violation, and if so, provide for each such arrest, the county or jurisdiction of the arrest, the date of the arrest, and the arrest charges.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

Defendants object to Interrogatory No. 24 on the grounds that plaintiff has failed to plausibly allege claims against the defendants Campanella, Gillespie and Jerome, it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.

**INTERROGATORY NO. 25:**

State whether any of the named defendants have been a defendant in a criminal proceeding (felony, misdemeanor, or violation) on any occasion, and if so, for each criminal proceeding, provide the county, court, case or indictment number, date the prosecution was initiated, and the disposition.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**

Defendants object to Interrogatory No. 25 on the grounds that plaintiff has failed to plausibly allege claims against the defendants Campanella, Gillespie and Jerome, it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.

- 15 -

**INTERROGATORY NO. 26:**

State whether any of the named defendants have been a party to any lawsuit or administrative proceeding, and, if so, provide the court or administrative body, caption, case, docket or index number, the date the lawsuit or proceeding was initiated, and the disposition.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26:**

Defendants object to Interrogatory No. 26 as to the defendant Campanella on the grounds that plaintiff has failed to plausibly and in good faith allege claims against him as he was merely the desk officer upon plaintiff's arrest which is not actionable, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[9].

Defendants object to Interrogatory No. 26 as to the defendant Gillespie on the basis that plaintiff has failed to plausibly and in good faith allege claims against her as she did not perform the search in question and was not even on duty on the date of incident, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[10].

---

[9] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against Sgt. Campanella and administrative proceedings against him arising out of his role as a desk officer or dishonesty.

[10] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against Sgt. Gillespie and administrative allegations arising out of sexual assault or dishonesty.

Defendants object to Interrogatory No. 26 as to the defendant Stam on the basis that any such lawsuits are of public record, that the request is overbroad beyond any civil rights lawsuits or administrative proceedings alleging false arrest against him, that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City of New York is not aware of any other civil rights lawsuits against the defendant Stam or administrative proceedings against Stam alleging false arrest against him.

Defendants object to Interrogatory No. 26 as to the defendant Jerome on the basis that plaintiff has failed to plausibly and in good faith allege claims against her based on the defense of absolute immunity, any such lawsuits are of public record and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[11].

**INTERROGATORY NO. 27:**

State whether any of the named NYPD defendants were contacted (through any sort of electronic means, including, but not limited to, text messages and telephone calls) by Alysa Andrade, Arlene Andrade, and/or James Yap prior to Plaintiff's arrest on July 17, 2023. If so, specify which defendant received the communication and through what sort of electronic means, as well as the approximate date and time of the communication.

---

[11] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any civil rights lawsuits against ADA Jerome or administrative proceedings against her alleging a deprivation of civil rights.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27:**

Defendants object to Interrogatory No. 27 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, none.

**INTERROGATORY NO. 28:**

State whether any of the named NYPD defendants were contacted (whether verbally or through any electronic means) by any other member of the NYPD concerning the incident, prior to Plaintiff's arrest on July 17, 2023. If so, state which named NYPD defendant received the contact and by whom, as well as the date and time of the communication.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28:**

Defendants object to Interrogatory No. 28 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, none.

**INTERROGATORY NO. 29:**

State whether any of the named NYPD defendants had personally met (or were otherwise knew or were familiar with) Alysa Andrade, Arelene Andrade, and/or James Yap prior to Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

Defendants object to Interrogatory No. 29 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, none.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 30:

Produce all documents identified in the preceding interrogatories.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:

Defendants refer plaintiff to the documents produced herewith bearing bates nos. D001-D0225[12], for all documents being produced and responsive to plaintiff's requests and the documents referenced in defendants' first supplemental Initial Disclosures, as well as the BWC videos that the City will produce upon the entry of a protective order.

### DOCUMENT REQUEST NO. 31:

Produce the audio recordings of 911 call associated with ICAD event number D2307171864.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:

Defendants object to Document Request No. 31 on the grounds that it is not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, such recordings are not available at this time as the retention period for such recordings has expired.

### DOCUMENT REQUEST NO. 32:

Produce the audio recordings of the radio run associated with ICAD event number D2307171864.

---

[12] Due to error, there is no document being produced as D178.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, such recordings are not available at this time as the retention period for such recordings has expired.

**DOCUMENT REQUEST NO. 33:**

Produce all memobook entries of all members of the NYPD who responded to 87 Stieg Avenue in Staten Island on July 17, 2023, in response to ICAD event number D2307171864.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants refer plaintiff to the documents produced herewith bearing bates nos. D037-D061 and D158-D171.

**DOCUMENT REQUEST NO. 34:**

Produce all body worn camera footage for all members of the NYPD who responded to 87 Stieg Avenue in Staten Island on July 17, 2023, in response to ICAD event number D2307171864.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that production of such BWC videos requires "CONFIDENTIAL" treatment in light of the third party complaining victim and witnesses who gave statements and which are depicted in said videos, a non-party arrestee who was transported to the 120th Pct. from the 122nd Pct. with plaintiff, as well as private areas of NYPD precincts that are depicted as well. Upon the execution of a proper protective

order, defendants will produce the BWC videos for the underlying incident which are in the NYPD's possession.

**DOCUMENT REQUEST NO. 35:**

Produce all NYPD roll call logs and command logs from the 122nd and 120th Precincts for July 17, 2023, and July 18, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is not relevant to any party's claim or defense as to roll calls or the command log from the 120th Pct., as well as pages of the 122nd Pct. unrelated to plaintiff's arrest, as there are no claims in the complaint that in any way relate thereto, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Defendants refer plaintiff to the command log from the 122nd Pct produced herewith bearing bates no. D034 for plaintiff's arrest and roll calls from the 122nd Pct for July 17, 2023 (first, second and third platoons) and July 18, 2023 (first and second platoons) bearing bates nos. D062-D091. Defendant City is searching for the roll call from the 122 Pct. for the July 18, 2023 third platoon and will produce same to plaintiff by November 22, 2024, if located.

**DOCUMENT REQUEST NO. 36:**

Produce any NYPD prisoner movement slips concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense

thereof outweighs any likely benefit of the requested discovery.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendants refer plaintiff to the document produced herewith bearing bates no. D017.

**DOCUMENT REQUEST NO. 37:**

Produce any NYPD prisoner holding pen rosters concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant City refers plaintiff to the document produced herewith bearing bates nos. D035-D036.

**DOCUMENT REQUEST NO. 38:**

Produce all memobook entries from the named defendants concerning:

a.  Plaintiff's arrest on July 17, 2023,

b.  the incident underlying Plaintiff's arrest (as described in the complaint in this action), and any subsequent investigation, and

c.  the subsequent prosecution of Plaintiff under docket number CR-004170-23RI.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that the phrase "the subsequent prosecution of Plaintiff under docket number CR-004170-23RI" is vague and ambiguous.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the defendant Gillespie responds that she had no involvement in plaintiff's arrest.  Sgt. Gillespie's daily activity log from July 17, 2023 is annexed hereto and bears bates no. D037.  Sgt. Campanella did not maintain a daily activity log relating to plaintiff's arrest as he was the desk officer at the 122nd Pct. on the date of plaintiff's arrest and a daily activity report is therefore not required.  Defendants refer plaintiff to the documents

bearing bates nos. D158-D171 for the daily activity log of P.O. Stam from the date of plaintiff's arrest.

**DOCUMENT REQUEST NO. 39:**

Produce all memobook entries from the named defendants concerning conversations with Alysa Andra, James Yap, and/or Arlene Andrade, or any other witnesses of the incident.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants refer plaintiff to the daily activity log of P.O. Ryan Stam from the date of plaintiff's arrest produced herewith and bearing bates nos. D158-D171, if any.

**DOCUMENT REQUEST NO. 40:**

Produce all NYPD DD5 entries concerning Plaintiff's arrest on July 17, 2023, and Plaintiff's subsequent prosecution.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

None

**DOCUMENT REQUEST NO. 41:**

Produce all video footage recordings (including any security camera footage or body worn camera footage) from inside the 122nd Precinct on July 17, 2023, during the hours of approximately 8 pm to 11:59 pm, concerning Plaintiff's arrest, including, but not limited to:

    a.  Plaintiff being fingerprinted by members of the NYPD,

    b.  Plaintiff being confined in holding cells,

    c.  Plaintiff being physically transported and/or moved inside of the 122nd Precinct by members of the NYPD, and

    d.  Plaintiff being physically searched by members of the NYPD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 on the grounds that production of the requested BWC videos requires "CONFIDENTIAL" treatment in light of the third party complaining victim and witnesses who gave statements which are depicted in said videos, as well as private areas of NYPD precincts that are depicted as well. Upon the execution of a proper protective order, defendant City of New York will produce the BWC videos for the underlying incident which are in the NYPD's possession. Defendant City is also searching for any security camera videos responsive to this Request and will produce same by November 22, 2024, if any are located.

**DOCUMENT REQUEST NO. 42:**

Produce all body worn camera footage from the police officers who transported Plaintiff from the 122nd Precinct to the 120th Precinct on either July 17, 2023, or July 18, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 on the grounds that production of such BWC videos requires "CONFIDENTIAL" treatment in light of the depiction of a non-party arrestee who was transported to the 120th Pct. from the 122nd Pct. with plaintiff. Upon the execution of a proper protective order, defendants will produce the BWC videos for the underlying incident, including the subject transport, which are in the NYPD's possession.

**DOCUMENT REQUEST NO. 43:**

Produce all video footage recordings (including any security camera footage or body worn camera footage) from inside of the 120th Precinct on either July 17, 2023, or July 18, 2023, concerning Plaintiff's arrest, including, but not limited to:

    a.   Plaintiff being confined in holding cells,

    b.  Plaintiff being physically transported and/or moved inside of the 120th Precinct by members of the NYPD, and

    c.  Plaintiff being physically searched by members of the NYPD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that production of such BWC videos requires "CONFIDENTIAL" treatment in light of the third party complaining victim and witnesses who gave statements which are depicted in said videos, as well as private areas of NYPD precincts that are depicted as well. Upon the execution of a proper protective order, defendants will produce the BWC videos for the underlying incident which are in the NYPD's possession. Defendant City is also searching for any security camera videos responsive to this Request and will produce same by November 22, 2024, if any are located.

**DOCUMENT REQUEST NO. 44:**

Produce the handwritten and typed NYPD complaint report concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants refer plaintiff to the documents produced herewith bearing bates nos. D004-D014.

**DOCUMENT REQUEST NO. 45:**

Produce the NYPD aided report concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant City is searching for responsive documents and will produce same to plaintiff by November 22, 2024, if any are located.

**DOCUMENT REQUEST NO. 46:**

Produce the NYPD arrest report, the arrest worksheet, and any supplemental arrest reports concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants refer plaintiff to the documents produced herewith bearing bates nos. D001-D003 and D018-D021.

**DOCUMENT REQUEST NO. 47:**

Produce the entire prosecutorial file for <u>People of the State of New York v. Deborah Intorcia</u>, docket number CR-004170-23RI.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendants object to Document Request No. 47 on the grounds that the requested documents are outside the custody and control of defendants.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendants refer plaintiff to the documents produced herewith bearing bates nos. D092-D176 which have been provided by the Richmond County District Attorney's Office, with the exception of the NYPD BWC footage in its possession as set forth on the document produced herewith bearing bates nos. D204-D209 and which would be duplicative of the City's production of BWC videos from the subject incident as to those videos.

**DOCUMENT REQUEST NO. 48:**

Produce any and all written reports, communications, memoranda, and/or notes generated by any member of the Richmond District Attorney's Office concerning the case of <u>People of the State of New York v. Deborah Intorcia</u>, docket no. CR-004170-23RI, including, but not limited to, dismissal reports, emails, and notes on case file jackets.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to Document Request No. 48 on the grounds that the requested documents are outside the custody and control of defendants and is not relevant to any party's claim or defense, nor are any further searches proportional to the needs of the case, considering

the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendants refer plaintiff to the documents produced herewith bearing bates nos. D092-D176 and D204-D209 which have been provided by the Richmond County District Attorney's Office and the documents bearing bates nos. D177-D203, which have been produced by the defendant Jerome.

**DOCUMENT REQUEST NO. 49:**

Produce all text messages between any of the named defendants and Alysa Andrade, Arlene Andrade, and/or James Yap concerning Plaintiff's arrest on July 17, 2023, the underlying incident giving rise to Plaintiff's arrest on July 17, 2023, and/or Plaintiff's subsequent prosecution.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

None

**DOCUMENT REQUEST NO. 50:**

Produce all text messages between any or all of the named defendants and any other member of the NYPD, concerning Plaintiff's arrest on July 17, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

None

**DOCUMENT REQUEST NO. 51:**

Produce all disciplinary records for all of the named NYPD defendants, including, but not limited to, Central Personnel Index files, NYPD Internal Affairs records concerning the named NYPD defendants, and any Civilian Complaint Review Board records concerning the named NYPD defendants.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to Document Request No. 51 as to the defendant Campanella on the grounds that plaintiff has failed to plausibly and in good faith allege claims against him as he was merely the desk officer upon plaintiff's arrest which is not actionable, is unduly burdensome as plaintiff's request seeks searches for any and all disciplinary documents for a tenure that spans many years and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[13]. There are documents in response to this Request being withheld.

Defendants object to Document Request No. 51 as to the defendant Gillespie on the basis that plaintiff has failed to plausibly and in good faith allege claims against her as she did not perform the search in question and was not even working on the date of incident, is unduly burdensome as plaintiff's request seeks searches for any and all disciplinary documents for a tenure that spans many years and that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery[14]. There are documents in response to this Request being withheld.

---

[13] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any CCRB, IAB or CPI indices arising out of Sgt. Campanella's role as desk officer and dishonesty within the last 10 years.

[14] Should the Court grant plaintiff the requested discovery, defendants' response should be limited to any CCRB, IAB or CPI indices arising out of alleged sexual assault or dishonesty within the last 10 years.

Defendants object to Document Request No. 51 as to the defendant Stam on the basis that the request is overbroad beyond allegations of false arrest, that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit of the requested discovery. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City of New York is not aware of any IAB or CCRB allegations against the defendant Stam arising out of allegations of false arrest. There are documents in response to this Request being withheld.

**DOCUMENT REQUEST NO. 52:**

Produce any adverse credibility lists, "Brady lists", or "Giglio lists" generated by the Richmond County District Attorney's Office identifying any of the named NYPD defendants.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendants object to Document Request No. 52 on the grounds that plaintiff is requesting documents outside the custody or control of defendants and which, upon information and belief, may be in the custody and control of the non-party Richmond County DA's Office. No searches have been conducted for the documents requested.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 53:**

Admit that Defendant SERGEANT MARY K. GILLESPIE performed a strip and cavity search of Plaintiff on July 13, 2023, inside of the 122nd Precinct.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Deny

**REQUEST FOR ADMISSION NO. 54:**

Admit that Defendant SERGEANT MARY K. G1LLESPIE inserted her finger into Plaintiff's rectum on July 13, 2023, inside of the 122nd Precinct, while conducting a strip and cavity search of Plaintiff.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Deny

**REQUEST FOR ADMISSION NO. 55:**

Admit that, pursuant to the NYPD Patrol Guide, Procedure No. 208-05, (1)(C)(1), "A strip search may only be conducted when the arresting officer reasonably suspects that weapons, contraband, or evidence may be concealed upon the person or in the clothing in such a manner that they may not be discovered by the previous search methods."

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Deny

**REQUEST FOR ADMISSION NO. 56:**

Admit that Defendant ASSISTANT DISTRICT ATTORNEY REBECCA JEROME did not file a Certificate of Compliance pursuant to Criminal Procedure Law 245. 50(1) concerning the case of People of the State of New York v. Deborah Intorcia, Docket No. CR-004170-23RI.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Deny

**REQUEST FOR ADMISSION NO. 57:**

Admit that Defendant ASSISTANT DISTRICT ATTORNEY REBECCA JEROME did not file a supporting deposition concerning the case of People of the State of New York v. Deborah Intorcia, Docket No. CR-004170-23RI.

<u>**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 57:**</u>

Deny

Dated:        New York, New York
              October 18, 2024

                              MURIEL GOODE-TRUFANT
                              Acting Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants City of New York, Louis*
                              *Campanella, Ryan Stam, Mary Gillespie and*
                              *Rebecca Jerome*
                              100 Church Street, Room 3-133b
                              New York, New York 10007
                              (212) 356-3519


                      By:    /s/ Mark D. Zuckerman
                             MARK D. ZUCKERMAN
                             *Senior Counsel*