Outlook

### Re: [EXTERNAL] Re: Intorcia

**From** Carissa Caukin <ccaukin@jhenninglaw.com>
**Date** Wed 1/29/2025 4:06 PM
**To** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>; Finn Mayock <fmayock@jhenninglaw.com>

Mr. Zuckerman,

Quite frankly, I'm sorry to hear that's your position. We are attempting to move discovery along in accordance with the Court's directives. Unfortunately, going as far as objecting to a continued deposition when we said we would consent to an extension for production of documents does not indicate to me that you share the same objective.

With that said, considering that is your position, I withdraw my consent to the defendants' request for an extension to respond to the document requests. These document requests were served on defendants on January 24, 2025. Therefore, we expect defendants to respond to the document requests by February 23, 2025, in accordance with the federal rules. I will write to the Court separately requesting leave to serve the additional interrogatories, but there is no need to hold up the entirety of fact discovery based on these interrogatories that can be addressed separately. Given that defendants' deadline to provide the documents is February 23, 2025, we can proceed forward with the non-party depositions on the dates indicated on the notices.

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
ccaukin@jhenninglaw.com
O: (718) 717-2454

---

**From:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Sent:** Wednesday, January 29, 2025 3:42 PM
**To:** Carissa Caukin <ccaukin@jhenninglaw.com>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** RE: [EXTERNAL] Re: Intorcia

I would object (and they could object even if they don't retain counsel). If you feel you need responses to the recently served discovery, the non-party depositions should await our responses.

**From:** Carissa Caukin <ccaukin@jhenninglaw.com>
**Sent:** Wednesday, January 29, 2025 3:40 PM
**To:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** Re: [EXTERNAL] Re: Intorcia

Mr. Zuckerman,

I understand you do not represent the nonparties. Obviously, if they obtain counsel and want to object to a continued deposition, they are free to do so. However, pursuant to Fed. R. Civ. P. 30, I don't see any reason why you would not be able to stipulate to a non-party's continued deposition. Are you saying that you would object to a continued deposition of the non-parties?

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
ccaukin@jhenninglaw.com
O: (718) 717-2454

---

**From:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Sent:** Wednesday, January 29, 2025 3:18 PM
**To:** Carissa Caukin <ccaukin@jhenninglaw.com>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** RE: [EXTERNAL] Re: Intorcia

I have no authority to keep non-party depositions open and to the extent you are looking for my agreement, it is not provided.

---

**From:** Carissa Caukin <ccaukin@jhenninglaw.com>
**Sent:** Wednesday, January 29, 2025 3:09 PM
**To:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** Re: [EXTERNAL] Re: Intorcia

Hi Mr. Zuckerman,

Good afternoon. In response to your email:

We agree to extend the response time to the interrogatories and document requests to 3/7 on consent that you all do not have any objections to the service of the additional interrogatories (understanding that you have not waived any individual objections). However, please note that if we proceed forward with the non-party depositions prior to the production of documents/interrogatories, we will have to reserve time and hold their depositions open. In the event we receive documents that we need to ask one of the non-parties about, will have to conduct a continued deposition.

Thank you for inquiring with the RCDA on the security camera footage.

I agree that it would be efficient to hold two depositions on one day. Please see the attached notice/non-party deposition subpoenas. Based off the dates you provided, Jose Andrade is noticed for 2/26/25 at 10am, Alysa Andrade is noticed for 2/26/25 at 2pm, Anesa Andrade is noticed for 2/27/25 at 10am, and Frank Intorcia is noticed for 2/27/25 at 2pm. We are going to serve them shortly.

I am sorry to hear about PO Caldararo's medical issues. Do you have an update on her estimated time frame to be able to appear for a deposition? Judge Bloom was also asking about this as well.

Also, can you please provide availability for the named defendants' depositions. My availability up until the fact discovery deadline is indicated on my previous email. Thank you.

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
ccaukin@jhenninglaw.com
O: (718) 717-2454

---

**From:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Sent:** Tuesday, January 28, 2025 10:46 AM
**To:** Carissa Caukin <ccaukin@jhenninglaw.com>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** RE: [EXTERNAL] Re: Intorcia

1) Without prejudice to any objection we might make to the individual requests, we will consent to the service of the additional interrogatories as long as our time to respond to both the document requests and interrogatories is extended to 3/7.

2) I checked again with the RCDA and they don't have the NYPD security footage you are requesting.

3) With respect to Capt. Andrade, even in the event we wind up representing him, we likely would not be accepting service of a deposition subpoena on his behalf. So, go ahead and serve him with the deposition subpoena and we can go from there.

4) The first four depositions that you contemplate are non-parties. I'm available for those depositions on 2/20, 2/21 and 2/24-2/28. These depositions should be short so it would be efficient to hold at least two of them per day. FYI, and as I think you know, PO Caldararo we believe recently had major surgery and her deposition availability will have to be tied to when she is physically able.

Thanks.

**From:** Carissa Caukin <ccaukin@jhenninglaw.com>
**Sent:** Friday, January 24, 2025 12:13 PM
**To:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James

Henning <jhenning@jhenninglaw.com>; Chris Chuang <cchuang@jhenninglaw.com>
**Subject:** Re: [EXTERNAL] Re: Intorcia

Hi Mr. Zuckerman,

Welcome back and I hope you are feeling well. In response to your 1/22/25 email:

- 1.- Please see the attached, which are Plaintiff's second set of interrogatories and document requests. If you do not consent to us serving the interrogatories, I will briefly revise the document requests and re-serve them to you all. That way, the court can decide on the interrogatories while the document requests are being worked on.
- 2.- I understand that the retention period may have passed, but can you double check with the DA's office that they don't have it? Similar to the 911 call situation, it's possible they requested it shortly after she was arrested.
- 3.-Please let me know when you decide on whether you will be representing Captain Andrade so we can plan accordingly in terms of his deposition and serving his subpoena.
- 4.-Generally, we would like to depose the witnesses in the following order: Alysa Andrade, Anesa Andrade, Captain Andrade, Frank Intorica, Officer Caldararo, Sgt. Falzarano, Officer Ng, Sgt. Acerra, and Officer Stam. I really can't give a proper estimate as to how long each will take because it depends on their testimony.  We are seeking to take in person depositions for the witnesses.
    - Currently, the fact discovery deadline is April 15, 2024. Based off that timeline, we are available for depositions on the following dates:
        - January 31, February 5, February 6, February 10-13, February 18, February 20-21, February 24-February 28, March 3-7, March 10-14, March 18-21, April 3-4, April 7-10.

Thank you.

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
ccaukin@jhenninglaw.com
*O: (718) 717-2454*

---

**From:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Sent:** Wednesday, January 22, 2025 2:53 PM
**To:** Carissa Caukin <ccaukin@jhenninglaw.com>; O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>
**Subject:** RE: [EXTERNAL] Re: Intorcia

I'm writing to address issues in your emails of 1/15/25 and 1/17/25.

1. Additional interrogatories-Please forward the interrogatories that you propose to serve and then we will be in a position to tell you whether or not we consent to your going over the limit allowed by Rule;
2. Pct. security camera footage-The retention period expired well before plaintiff's lawsuit was filed (30 day retention period), so it would not be available at this time;
3. Capt. Andrade-No representation decision has been made at this time;

4. Depositions-Please provide me dates that you are available, what general order you want to take them and how long each deposition is anticipated to be. Also, are you seeking in person or zoom depositions?

If there are additional issues, please let me know.

Thanks,

Mark

---

**From:** Carissa Caukin <ccaukin@jhenninglaw.com>
**Sent:** Friday, January 17, 2025 11:32 AM
**To:** O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>
**Cc:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Subject:** [EXTERNAL] Re: Intorcia

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Hi Ms. O'Flynn,

Good morning and I hope you are well. I wanted to follow up on the below. I have our second set of interrogatories prepared and will serve them as soon as you let me know your position on this. Additionally, we will be sending over additional document requests shortly.

 Also, I wanted to let you know that we are seeking to depose Captain Jose B. Andrade (Tax #929633), Alysa Andrade, Anesa Andrade, and Frank Intorcia.

We are hoping to get these non-party subpoenas out ASAP. I assume the answer is no, but can you please confirm that you are not representing Captain Andrade? This is the complaining witness's father we have been referencing. Also, can you please provide me with dates that you all would be available for these non-party depositions. I want to make sure that when we serve the notices, they are for a date that you all are available. Thank you in advance.

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
ccaukin@jhenninglaw.com
O: (718) 717-2454

---

**From:** Carissa Caukin <ccaukin@jhenninglaw.com>
**Sent:** Wednesday, January 15, 2025 6:15 PM
**To:** O'Flynn, Mary (Law) <MOFlynn@law.nyc.gov>; James Henning <jhenning@jhenninglaw.com>
**Cc:** Zuckerman, Mark (Law) <mzuckerm@law.nyc.gov>
**Subject:** Re: Intorcia

Hi Ms. O'Flynn,

Good evening and happy new year. I am glad to hear that Mr. Zuckerman appears to be on the mend. We have had an opportunity to review the Rule 68 offer and Plaintiff respectfully declines.

I also wanted to touch base with you regarding a second set of interrogatories. On September 19, 2024, we served Mr. Zuckerman with our first set of interrogatories and document requests. In total, Plaintiff served 23 interrogatories on that date.

As you know, since our initial request for interrogatories Plaintiff has amended her complaint to drop Mary Gillespie, Rebecca Jerome, and the John/Jane Doe officers, and to add Kristen Caldararo, Christopher Ng, Gregory Acerra, and John Falzarano as defendants. Several of Plaintiff's previous interrogatories were premised on the assumption that Mary Gillespie conducted the search. Furthermore, all of these newly discovered officers have disciplinary histories and other discoverable information that are relevant and necessary to Plaintiff's claims. In addition to the new parties, the body worn camera footage, which was disclosed after our initial request, raises new issues and officers that were not previously known. Since that request we have also uncovered the extensive link between the Andrade family and the NYPD, which requires new interrogatories to investigate the defendants' contacts and employment histories.

While we technically have two remaining interrogatory questions from our first set, we are preemptively seeking a stipulation to an additional 14 interrogatories so that we may serve all our requests to you at once without having to go back and forth to the court. Additionally, Mr. Zuckerman previously denied requests pertaining to Sergeant Louis Campanella on the improper basis that Plaintiff failed to plausibly allege her claim, so we will be resubmitting those interrogatories as well. There should be no undue prejudice, given that many of our interrogatories are revised and now directed at the proper parties, which have been known to defense counsel for some time. Please let me know whether you have any objections to Plaintiff serving these additional interrogatories. Of course, this would not waive any substantive objections on your behalf.

Additionally, Mr. Zuckerman stated in his previous discovery response that he would be searching for the requested security camera footage from the 120th and 122nd precinct and any NYPD aided reports concerning Plaintiff's arrest, and, if found, would produce them by November 22nd. Since then, we have not heard back about the results of that search. Could you give us an update about the status of this request?

Lastly, given that the parties have not come to an agreement regarding a settlement, we will need to depose all of the named defendants. Can you please advise as to their availability through the end of February? Thank you in advance.

--
Best Regards,
**Carissa Caukin, Esq.**
*Partner*
*James Henning & Associates, PLLC*
*16 Court Street, Suite 503*
*Brooklyn, New York 11241*
*ccaukin@jhenninglaw.com*
*O: (718) 717-2454*